IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MOHDSIDEK HABIBULLAH**,

       Petitioner,

       v.

**BRANDON KELLY, Superintendent, Oregon State Penitentiary**,

       Respondent.

Case No. 21-cv-1208-JE

**ORDER**

**Michael H. Simon, District Judge.**

       United States Magistrate Judge John Jelderks issued Findings and Recommendation in this case on April 21, 2022. Judge Jelderks recommended that this Court deny Petitioner's petition for writ of habeas corpus and request for evidentiary hearing.

       Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

       For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner objects to the portion of Judge Jelderks' recommendation finding that Petitioner's trial counsel had not provided constitutionally inadequate advice to reject a 36-month plea offer. Judge Jelderks concluded that Petitioner had not rebutted with clear and convincing evidence the post-conviction-relief (PCR) court's findings that Petitioner failed to show that the government had in fact made the 36-month offer and that Petitioner did not wish to enter into any plea agreement. *See* 28 U.S.C. § 2254(e)(1). Petitioner objects to this portion of the Findings and Recommendation on the basis that he did not understand English or Burmese enough to fully comprehend his plea negotiations, trial, or appeals.

Petitioner did not raise the interpreter issue in his petition. *See* ECF 1, at 2 (raising ineffective assistance of counsel due to alleged advice to reject a 36-month plea offer and failure to seek merger). Petitioner explains that he did not previously raise this issue because none of his attorneys thought it necessary to provide Petitioner with an interpreter in his native language rather than in Burmese. This explanation does not overcome the requirement that Petitioner must raise all grounds for relief in his petition. *See Greene v. Henry*, 302 F.3d 1067, 1070 n.3 ("Since

PAGE 2 – ORDER

[additional claims of ineffective assistance] were not made in the federal petition, we need not consider them."). The Court therefore declines to consider Petitioner's access to an interpreter in his native language as an independent basis for habeas relief.

To the extent Petitioner argues that his inability to understand Burmese supports his claim for ineffective assistance of counsel regarding his plea offer, however, Petitioner has nevertheless failed to rebut with clear and convincing evidence the PCR court's findings that the government had not made a 36-month plea offer and that Petitioner did not wish to enter into any plea agreement. Further, Petitioner and his Burmese interpreter both stated on the record before the PCR court that they could understand each other. *See* ECF 19-1, at 581-82. Petitioner contends that he stated that he understood his interpreter only to be polite. This explanation, however, does not address the issue relevant to ground one, which is whether Petitioner can show by clear and convincing evidence that the government in fact made a 36-month plea offer or that Petitioner had at that time wanted to enter into any plea agreement. Because Petitioner has not made such a showing, the Court agrees with Judge Jelderks that ground one does not provide a basis for habeas relief.

As for Petitioner's second ground for relief, Petitioner objects to Judge Jelderks' conclusion that Petitioner's attorneys had not provided ineffective assistance regarding merger of Counts 1, 4, and 5 because the PCR court had in fact analyzed that issue and concluded that those counts do not merge. Petitioner argues that he is not asking the Court to review the PCR court's determination with respect to merger but instead to find that his attorneys provided ineffective assistance by failing to raise the merger issue. To prevail on his claim for ineffective assistance of counsel, Petitioner must show that there is a "reasonable probability" that the outcome of his case would have been different if his attorneys had raised the merger issue. *See*

*Strickland v. Washington*, 466 U.S. 668, 694 (1984). Because the PCR court in fact concluded that Counts 1, 4, and 5 do not merge forecloses Petitioner's claim on that basis, especially under the "doubly deferential" habeas review of an ineffective assistance of counsel claim. *See Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). The Court therefore agrees with Judge Jelderks as to ground two.

Finally, Petitioner objects to Judge Jelderks' recommendation that the Court deny Petitioner's request for an evidentiary hearing. Petitioner seeks an evidentiary hearing to take testimony from his trial counsel to support his claim for ineffective assistance of trial counsel. Petitioner, however, raised his ineffective assistance of trial counsel claim before the PCR court, and thus, this Court's review under § 2254(d)(1) is limited to only the record before the PCR court. *See Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022) (stating that if a prisoner raises his or her federal claims before the state courts, "the federal court may review the claim based solely on the state-court record" (citing *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011))). The Court agrees with Judge Jelderks that an evidentiary hearing is not permitted.

The Court ADOPTS Judge Jelderks' Findings and Recommendation (ECF 28). The Court DENIES Petitioner's petition for habeas corpus (ECF 1) and request for evidentiary hearing (ECF 23). The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 22nd day of June, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge